UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | | |
|---|---|---|---|
| JAMIE A. MAKUPSON, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 1:25-CV-41-TAV-CHS |
| | ) | | |
| THE ARMY RESERVE, et al., | ) | | |
| | ) | | |
| Defendants. | ) | | |

## **MEMORANDUM OPINION**

Plaintiff, a Tennessee Department of Correction ("TDOC") prisoner proceeding pro se, filed this action for violation of 42 U.S.C. § 1983 [Doc. 2]. On February 14, 2025, the Court entered an order that notified Plaintiff that he had not submitted the proper documents to proceed *in forma pauperis*, provided Plaintiff 30 days to do so, and notified Plaintiff that if he failed to fully and timely comply with that order, the Court would presume that Plaintiff is not a pauper, assess Plaintiff the full amount of fees, and order the case dismissed for want of prosecution [Doc. 5, pp. 1–2]. On February 24, 2025, after the United States Postal Service ("USPS") returned other Court mail sent to Plaintiff due to the mail not containing Plaintiff's prisoner number [Doc. 4], the Clerk remailed the Court's order regarding Plaintiff filing the required *in forma pauperis* documents to Plaintiff with his prisoner number. But Plaintiff did not file a timely response to this order, nor has he otherwise communicated with the Court since the entry of that order.

Additionally, the felony information database for the TDOC, https://apps.tn.gov/foil-app/search.jsp (last visited April 30, 2025), lists Plaintiff as

"inactive" and states that Plaintiff's sentence ended March 11, 2025, but Plaintiff has not filed any notification of any change in his address with the Court.

Accordingly, for the reasons set forth below, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) gives this Court the authority to *sua sponte* dismiss a case when a "plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)" (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)). The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to timely comply with the Court's previous order is due to his willfulness or fault. Specifically, it appears that Plaintiff received that order and chose not to respond. But even if the Court assumes that Plaintiff did not receive its previous order, the record establishes that this is because Plaintiff failed to update the Court as to his change in address after his release from prison,

2

even though the Court notified him of the requirement that he do so within two weeks of any address change, and that dismissal could result from a failure to do so [Doc. 3, p. 1; Doc. 4, p. 1; Doc. 5, p. 2].

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's previous order has not prejudiced Defendants but notes that, like the Court, Defendants cannot correspond with Plaintiff about this case without his current address.

As to the third factor, as set forth above, the Court warned Plaintiff that failure to timely respond to the Court's previous order would result in dismissal of this action without further notice [Doc. 5, p. 1]. The Court also notified Plaintiff that failure to timely update the Court regarding any change in his address could result in dismissal of this action [Doc. 3, p. 1; Doc. 4, p. 1; Doc. 5, p. 22].

Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted, Plaintiff sought to proceed *in forma pauperis* in this action, and he has failed to comply with the Court's clear instructions.

On balance, the Court finds that these factors support dismissal of this action under Rule 41(b). The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from updating the Court as to his current address or responding to the Court's previous order, and his pro se status does not mitigate the balancing of factors under Rule 41(b).

3

Accordingly, Plaintiff will be **ASSESSED** the filing fee of $405,[1] and this action will be **DISMISSED**. The Clerk will be **DIRECTED** to provide a copy of this memorandum opinion and the accompanying judgment order to the custodian of inmate accounts at Plaintiff's former facility and the Court's financial deputy. The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[1] While the Court is aware that Plaintiff is no longer incarcerated, the Court assesses him with the filing fee pursuant to its previous order and due to the possibility that Plaintiff may be reincarcerated in the future and therefore make payments toward the filing fee at that time.